IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:10-CR-00023 JLT |
| Plaintiff, | ) ) | ORDER ON MOTIONS FOR DISCOVERY |
| vs. | ) ) | (Docs. 21, 22) |
| TYRELL M. WELLS, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Before the Court is the motion filed by the Defendant for discovery and the responsive motion filed by the government. The Court heard argument on this motion on November 18, 2010 and, as set forth below **GRANTS** the Defendant's motion. As to the government's request for reciprocal discovery and the government's request for notice of an insanity defense under Federal Rules of Criminal Procedure 12.2, the requests are **GRANTED**. The government's request for alibi information under Federal Rules of Criminal Procedure 12.1 is **DENIED WITHOUT PREJUDICE**.

I.   Categories of Discovery by Defense

   A.   Defendant's statements - The government had no opposition to this request but indicated that all such statements have been provided. To the extent that there are any statements not yet disclosed, the motion is **GRANTED.**

///

B.   Relevant documents or tangible objects

   1.   All recordings of investigative interviews

   The government had no opposition to this request but indicated that it had provided a copy of the investigative interviews conducted by the Kern County Sheriff's Office. However, parts of the tape provided by the KCSO, from which the defense's copy was made, were inaudible. Therefore, the Court **ORDERS** the government to arrange a time convenient to the defense and the KCSO for defense counsel to listen to the original tape held in the custody of the KCSO. To the extent that there are any other recorded interviews not yet disclosed, the motion is **GRANTED.**

   2.   Documents or tangible objects related to pretextual phone calls

   The government indicated that all documents related to the pretextual phone calls have been produced and that there are no or tangible items documents related to the pretextual phone calls. To the extent that there are any documents or items not yet disclosed, the motion is **GRANTED.**

   3.   Phone and communication records

   The government indicated it is unaware of any such records. To the extent that such records are obtained by the government, the motion is **GRANTED.**

   4.   Contemporaneous notes and reports

   The government indicated that all such documents have been produced except for reports produced to the Court for an in camera review. The Court has conducted this review and **GRANTS** the motion and **ORDERS** that all documents produced for the in camera review to be produced to the defense.

   5.   Controlling policies and training documents regarding the preservation of notes and evidence

   The Court **GRANTS** the motion and **ORDERS** that all policies and training documents related to the preservation of notes and evidence governing the investigating military officers to be produced to the defense. To the extent that

        the government has the policies and training documents for the investigating officers of the KCSO, the Court **GRANTS** the motion and **ORDERS** these documents to be produced to the defense also.

    C.    Witness statements

The government indicated that all witness statements have been produced. If there are any such documents not yet disclosed or are later obtained, the motion is **GRANTED.**

    D.    Witness convictions

The government indicated it is unaware of any such records. To the extent that such records are obtained by the government, the motion is **GRANTED.**

    E.    *Brady* material

The government has indicated that all *Brady* material has been produced and that it will continue to meet its *Brady* obligations as to any other material obtained by the government. To this extent, the motion is **GRANTED.**

    F.    Prior acts by Defendant

The government has indicated it is unaware of any prior bad acts by Defendant. If records of prior bad acts are obtained by the government, the motion is **GRANTED.**

    G.    Criminal record of Defendant

The government has indicated it is unaware of any criminal record of Defendant. If a criminal record of Defendant is identified by the government, the motion is **GRANTED.**

    H.    *Henthorn* material

The government admits its understanding of its *Henthorn* obligations and agrees to comply. The motion is **GRANTED** and the government is **ORDERED** to produce all *Henthorn* material once the government determines which, if any, military personnel will testify but, in no event will this determination be made after the time frames set forth in the pretrial order.

    I.    Scientific examination or tests

The government indicated it is unaware of any scientific examination or tests. To the extent that any become known to the government, the motion is **GRANTED.**

///

1       J.      Other writings in the custody of the government

2       The government indicated that it has documents in its possession that it does not believe are discoverable. The Court has conducted an in camera review of the documents. The Court **GRANTS** the motion and **ORDERS** that all documents produced for the in camera review to be produced to the defense.

II.     Reciprocal Discovery Sought by the Government

The government's request for reciprocal discovery is **GRANTED.**

III.    Government's Request under Federal Rules of Criminal Procedure 12.1

Rule 12.1 provides, "An attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. **The request must state the time, date, and place of the alleged offense.**" Emphasis added.

The government has requested the defendant to alert it to any alibi defense that he intends to assert at trial. However, the request is defective in that it fails to state the time, date and place of the alleged offense. Instead, it refers only to the "dates alleged in any of the charges in the indictment." Notably, the defendant here was not charged via an indictment. Therefore, the Court **DENIES WITHOUT PREJUDICE** the request for notification of an alibi defense.

IV.     Government's Request under Federal Rules of Criminal Procedure 12.2

Federal Rules of Criminal Procedure 12.2 provides, "A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk." The government's request under Federal Rules of Criminal Procedure 12.2 is **GRANTED.**

///
///
///
///
///
///

**ORDER**

As to any discoverable information ordered herein that is currently in the possession of the parties or counsel, is **ORDERED** to be disclosed to the opponent within 14 days of this order. As to any other information, that information is **ORDERED** to be disclosed within 5 days of its receipt but in no event later than the dates outlined in the pretrial order.

IT IS SO ORDERED.

Dated:   **November 24, 2010**                    /s/ **Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE